IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGG WHITFIELD & <br> REGINA WHITFIELD, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:05-cv-1961 (RWR) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS'
OPPOSITION TO U.S. MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On March 3, 2006, the United States filed a fully supported motion to dismiss the complaint, due to insufficiency of service of process and a resulting lack of jurisdiction over the person of the United States and lack of subject matter jurisdiction. Plaintiffs have opposed the motion to dismiss on several grounds. This reply brief addresses only those points raised in plaintiffs' opposition that warrant a response. With respect to those points not discussed herein, defendant United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Plaintiffs' complaint does in fact seek a refund of federal taxes.</u>  Plaintiffs first assert that their complaint does not seek a refund of taxes.  (Pltfs.' Resp. to U.S. Motion to Dismiss/Motion for Summ. J.; Alternative Motion to Bifurcate (hereinafter "Pltfs.' Resp.") at 1, 9-10.)  Plainly, plaintiffs' complaint seeks a—

> *Refund* of all unassessed taxes, return of all seized property, *return* of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or any regulation promulgated under title 26 United States Code.

(Compl. ¶ 33) (emphasis added).  Nevertheless, if plaintiffs wish to withdraw their claim for refund of "all unassessed taxes" and "return of all levied funds" the United States will so stipulate.

3. <u>Plaintiffs' complaint does in fact seek an injunction against further tax collection.</u>  Plaintiffs next assert that they are not seeking an injunction against further tax collection.  (Pltfs.' Resp. at 1, 9-10.)  This assertion is also at odds with their complaint, where they request—

> this court's Order *enjoining* the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in *any further collection activity* whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected.

(Compl. ¶ 34) (emphasis added).  As with their request for refund of all taxes, the United States will stipulate the dismissal of this claim for relief.

4. <u>Plaintiffs' complaint does in fact seek declaratory relief respecting federal taxes.</u>  Plaintiffs next claim they are not seeking declaratory relief respecting federal taxes.  (Pltfs.' Resp. at 1.)  In their complaint, plaintiffs seek declaratory relief that the United States' employees and officers violated the Internal Revenue Code.  (*See* Compl. ¶ 31.)

5. <u>Plaintiffs' complaint does in fact seek damages for wrongful collection of federal taxes.</u>  Plaintiffs also maintain they are not seeking damages for wrongful collection of federal taxes.  (Pltfs.' Resp. at 1.)  This assertion is perhaps the most preposterous made by plaintiffs, since "wrongful collection" appears to be the heart of their complaint and the main thrust of the relief they seek.  (Compl. ¶¶ 31, 32.)

6. <u>Rule 4(c)(2)'s service eligibility requirements apply to service of initial process upon the United States.</u>  The first ground for dismissal presented in the motion to dismiss is premised upon the fact that plaintiff Gregg Whitfield, one of two plaintiffs in this action, attempted to serve the summons and complaint upon the United States.  Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party and who is at least 18 years of age.*"  (Emphasis added.)  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

3

Plaintiffs do not contest the fact that plaintiff Gregg Whitfield attempted to serve initial process in this case. (Pltfs.' Resp. at 9.) Rather, they argue that service on the United States under rule 4(i) is not subject to this restriction. Plaintiffs are simply wrong. Rule 4(i) does not, by its terms or otherwise, except the service procedures applicable to service of process on the United States from the restrictions of rule 4(c)(2). "[W]hile Rule 4(i)(1) describes *how* service can be effectuated against the United States, it does not change *who* can effectuate service as defined by Rule 4(c)(2)." *Perkel v. United States*, *supra* (emphasis in original); *accord*, *Hanberg v. FBI*, *supra* (applying same principle to federal agency).

Plaintiffs have failed to properly serve the United States in this action, because plaintiff Gregg Whitfield improperly acted as the service agent. Accordingly, service of process was insufficient and the Court lacks jurisdiction over the person of the United States. The complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(2) & (5).

7. <u>Plaintiffs' failure to exhaust administrative remedies results in a lack of subject matter jurisdiction, notwithstanding *Turner v. United States*.</u>1/ Plaintiffs cite to the decisions in *Masterson v. United States*, 2006 WL 1102802 (D.D.C. 2006), and *Turner v.*

---

1/ Plaintiffs also assert that the motion should be treated as a motion for summary judgment because the motion to dismiss raises "issues outside the complaint." (Pltfs.' Resp. at 1-3.) Plaintiffs are incorrect and their request should be denied. A motion under rule 12(b)(6) should be converted to one under rule 56 if it relies upon matters outside the pleadings. The United States' motion is not one under rule 12(b)(6) and does not rely upon matters outside the pleadings.

*United States*, 429 F.Supp.2d 149 (D.D.C. 2006), for the proposition that the exhaustion requirement is non-jurisdictional. (Pltfs.' Resp. 3-6.)

    <u>a.</u>  First, this Court is not bound by those decisions. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

    <u>b.</u>  Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 424 F.Supp.2d 224 (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

    <u>c.</u>  Third, the United States submits, with respect, that the decision in *Turner* expanded the rationale of *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006) beyond

its rather narrow factual situation, and improperly applied its reasoning to administrative schemes involving the sovereign United States. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter

jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States.

   d. Fourth, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to assert that they complied with the administrative requirements necessary to obtain a refund or damages for wrongful collection.

   e. And last, even though the *Turner* decision held that section 7433's exhaustion requirement is not jurisdictional, the Court nevertheless dismissed the cases for failure to state a claim.

  8. <u>Plaintiffs' motion to bifurcate should be denied.</u> Assuming the Court denies their request to treat the motion as a motion for summary judgment, plaintiffs ask the Court to bifurcate the case. (Pltfs. Resp. at 10-17.) Plaintiffs ask that the Court first address the exhaustion argument and whether they have met the "bias" exception to the exhaustion requirement. Then, plaintiffs would have the Court address liability. (*Id.* at 10n.3.)

  A court has discretion to bifurcate claims or issues "in furtherance of convenience or to avoid prejudice" or when "conducive to expedition and economy." Fed. R. Civ. P. 42(b); *see also Am. Nat. Red Cross v. Travelers Indem. Co. of Rhode Island*, 924 F.Supp. 304 (D.D.C. 1996)). This discretion, however, should be exercised "only when [the court] believes that separation will achieve the purposes of the rule." *Harbor Ins.*

*Co. v. Omni Constr. , Inc.*, 1987 WL 12789, *1, (D.D.C. 1987). Here, none of the rule's purposes will be achieved.

In this case, plaintiffs appear to assert that the "bias exception to the nonjurisdictional exhaustion requirement" is applicable. (*Id.* at 10.) If the waiver requirement is jurisdictional, then plaintiffs cannot argue the "bias exception." If the waiver requirement is nonjurisdictional, plaintiffs still must assert that they filed an administrative claim for damages, because without the claim, the Court may not award plaintiffs damages. 26 U.S.C. § 7433(d)(1). Because the Court cannot grant plaintiffs relief under either argument, bifurcation is useless.

Also, bifurcation is unwarranted because plaintiffs failed to demonstrate that their "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that their "administrative remedy is 'inadequate'." *See, e.g.*, *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12 (D.D.C. 2006).

///
///
///
///
///
///
///

CONCLUSION

It is the position of the United States that the motion to dismiss ought to be granted and plaintiffs' motion to bifurcate ought to be denied.

DATE:  July 24, 2006.

                                      Respectfully submitted,

                                      /s/ Michael J. Salem  
                                      MICHAEL J. SALEM  
                                      Trial Attorney, Tax Division  
                                      U.S. Department of Justice  
                                      Post Office Box 227  
                                      Washington, DC  20044  
                                      Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN  
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO U.S. MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 24th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>GREGG WHITFIELD
>REGINA WHITFIELD
>Plaintiffs *pro se*
>1982 Londonderry Lane
>Cambria, CA  93428.

>   /s/ Michael J. Salem
>MICHAEL J. SALEM