UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREGG WHITFIELD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No. 05-1961 (RWR) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiffs Gregg and Regina Whitfield have submitted for filing an opposition to a motion to dismiss that has already been granted. Because the Whitfields have not shown that they are entitled to relief from the final order that was issued on May 8, 2006 dismissing the complaint, and because vacating the final order and permitting the Whitfields to file their opposition would be futile, leave to file the opposition will be denied.

### BACKGROUND

On March 3, 2006, the government filed a motion to dismiss arguing lack of subject matter jurisdiction as to each form of relief sought and lack of personal jurisdiction due to insufficient service of process. On March 28, 2006, an order issued, advising plaintiffs that their response to the government's motion to dismiss was due by April 28, 2006. No response was received, and on May 8, 2006, the government's

-2-

motion to dismiss was granted and a final order was issued dismissing the case. On July 17, 2006, the Whitfields attempted to file an opposition. By way of explaining their untimely attempt to file, the Whitfields stated only that they were continuously out of town from before the court's order was mailed until after the date to respond passed.

## DISCUSSION

A motion for relief from a final order may be granted under certain circumstances, including "inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although the Whitfields have not made such a motion, because they are proceeding pro se, their attempt to file an opposition after a final order was entered will be considered as such a motion. The Whitfields, however, have not offered the court a sufficient basis on which to find that their failure to respond any sooner than July 17, 2006 was due to inadvertence, surprise, excusable neglect, or any other circumstance identified in Rule 60(b). Therefore, the Whitfields are not entitled to any relief from the final order.

It would be futile to permit the Whitfields to either supplement their motion for relief under Rule 60(b) with a fuller explanation of any basis for relief they may have, or file their opposition to the motion to dismiss. All the papers filed or submitted for filing reveal that even if the Whitfields were

-3-

permitted to file their opposition, their complaint would be dismissed for want of jurisdiction over the claims for tax refunds, return of money, declaratory relief, and injunctive relief, and for failure to state a claim for damages for the reasons very clearly set forth in <u>Lindsey v. United States</u>, - - F. Supp. 2d - -, 2006 WL 2413720, *11, *16-19 (D.D.C. Aug. 22, 2006) (Walton, J.), a case involving a virtually identical complaint.

<u>CONCLUSION</u>

Accordingly, because the Whitfields have not met the requirements set forth in Rule 60(b) for obtaining relief from a final order, and because granting relief from the final order would be futile, it is hereby

ORDERED that leave to file the Whitfields' untimely opposition to the government's motion to dismiss be, and hereby is, DENIED.

SIGNED this 3rd day of November, 2006.

                                                         /s/
                                         RICHARD W. ROBERTS
                                         United States District Judge